KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendant
MILANO MANHATTAN, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NUANCE INDUSTRIES, INC., a New York Corporation; HI-FASHION FABRICS, INC., a New York Corporation; MILANO MANHATTAN, LTD., a New York Corporation; and DOES 1 through 10, <br><br> Defendants. | CASE NO. CV08-06024 RSWL (AGRx) <br><br> The Honorable Ronald S.W. Lew <br><br> **PROTECTIVE ORDER** <br><br> Ctrm.:  21 |

Mitchell Silberberg & Knupp LLP

2213292.3

PROTECTIVE ORDER

1  This Court finds that good cause exists for a Protective Order on the terms
2  and conditions stipulated by the parties.
3  Therefore, IT IS ORDERED as follows:

### 1. DEFINITIONS

1.1    As used herein, the term "Confidential Information" shall mean:  (a) any type of information, the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or third party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, business development strategies, customs and entry information; (b) data derived from such Confidential Information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as defined in Fed. R. Civ. P. 26(c)(7)).

1.2    As used herein, the terms "document," "documents," "tangible things," "recordings," and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

## 2. DESIGNATION OF CONFIDENTIAL INFORMATION

2.1    This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other information or materials containing Confidential Information disclosed in this action that are designated by a party or third party as CONFIDENTIAL, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, Rule 45 subpoenas to third parties, or any other discovery undertaken in this action.

2.2    Any party or third party responding to discovery in this action shall have the right to designate any document, testimony, or other information or material as "Confidential" under the terms of this Order.  "Confidential" information is information that the designating party reasonably believes (1) constitutes proprietary information, confidential business information, information that the designating party may need, for any business, employment or competitive purposes, to be protected from disclosure, trade secrets, and/or information in which the party or any third party has a privacy interest, or (2) is subject to protection from disclosure, or limitation upon disclosure, under applicable law.

2.3    Such designation shall be accomplished by placing the notation "CONFIDENTIAL" on every page of each document or portion thereof so designated.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate notation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the Confidential Information contained therein.

2.5    Confidential Information so designated shall be used only for the purposes of this litigation and may not be used by any party to whom or which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose.  Confidential Information

1  so designated shall not be disclosed to anyone other than those persons identified in
2  Paragraphs 4.3 and 4.4, *infra*, except as may be ordered by the Court or agreed to in
3  writing by the parties.  If any information designated by a party or third party as
4  CONFIDENTIAL is thereafter used by a party to whom or which it has been
5  produced or disclosed as part of a paper filed or lodged with the Court in this action
6  or in a response to a discovery request in this action, the party using that information
7  shall take all reasonable steps to preserve the continued confidentiality of that
8  designated Confidential Information.  This includes maintaining the designation of
9  confidentiality in all places where that information is so used and requesting that
10 such information is filed or lodged with the Court under seal in accordance with the
11 procedures of C.D. Cal. Local Rule 79-5.1.

### 3. DEPOSITIONS

14      3.1     With respect to the examination of witnesses upon oral deposition,
when designated Confidential Information is supplied to the deponent, or when the
deponent's testimony contains, reflects, or comments on designated Confidential
Information, the deposition reporter and/or videotape operator shall be informed of
this PROTECTIVE ORDER by the party or third party seeking to invoke its
protection, and will be required to agree to be bound by its terms.  The reporter
and/or videotape operator then shall place on the cover of any deposition transcript
or videotape that contains any designated Confidential Information the words
"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT
PROTECTIVE ORDER."  Counsel for the parties then shall take appropriate steps
to prevent any portions of any deposition transcript or videotape designated
CONFIDENTIAL from being disclosed to any person, except as provided in this
PROTECTIVE ORDER.

27      3.2     Testimony at a deposition may be designated CONFIDENTIAL if this
28 PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third

party or the deponent.  The designating party or third party also may, within thirty (30) days after receiving a copy of the deposition transcript, provide all parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party or third party designates as CONFIDENTIAL.  If a deponent has disclosed something at a deposition that a party or third party believes constitutes Confidential Information and should be designated as such, the party or third party so believing can go back during the deposition and designate that information as may be appropriate.

3.3     Each deponent to whom any party or third party proposes to disclose designated Confidential Information at a deposition, trial, or other proceeding shall be given a copy of this PROTECTIVE ORDER and informed of its contents and the parties shall take all reasonable steps to have such witnesses abide by the same.

3.4     If designated Confidential Information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such Confidential Information during that portion of the deposition in which the Confidential Information is actually discussed or disclosed.  Consistent with Paragraph 8.7, if designated Confidential Information is to be discussed or disclosed at a hearing or at trial, upon motion and sufficient cause shown, the parties may request that the Court exclude from the courtroom any person who is not entitled to receive such Confidential Information during that portion of the hearing or trial in which the Confidential Information is actually discussed or disclosed.

**4.     DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION**

4.1     The parties, counsel for the parties, and all persons who view designated Confidential Information shall maintain all information designated as

CONFIDENTIAL in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this PROTECTIVE ORDER.

4.2   While the disclosure of Confidential Information designated CONFIDENTIAL to persons not authorized by this PROTECTIVE ORDER could, by definition, be prejudicial to the business, operations, or interests of the designating party or third party, the designations should not be overused.

4.3   Access to Confidential Information designated as CONFIDENTIAL shall be limited to the following persons:

4.3.1   Outside and in-house counsel for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

4.3.2   Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

4.3.3   Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated Confidential Information to the deponent.

4.3.4   Court reporter(s) employed in this litigation.

4.3.5   Current officers, directors, and employees of the parties to this action.

4.3.6   The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

4.5   Nothing herein shall prohibit a party, or his or its counsel, from disclosing a document that contains Confidential Information to the person whom the document identifies as an author, addressee, or recipient of such document.

## 5. CHALLENGING A DESIGNATION

5.1 If, at any time during the preparation for trial or during the trial of this action, counsel for any Party claims that counsel for any other party or third party unreasonably has designated certain information as confidential information, or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the objecting party must make such objection in writing within seven (7) business days of receiving notice of the designation, or within seven (7) business days of recognition of the alleged necessity of disclosure, whichever occurs last.  Within ten (10) business days of the date of receiving the written objection, the designating party must respond to the objecting party, in writing, either agreeing to withdraw the designation, or explaining the reasons for retaining the designation.  Thereafter, the objecting party must comply with Local Rule 37 and thereafter seek relief from the Court.  Until the Court rules on the merits of any motion, the information designated confidential shall remain as designated..

5.2 For documents that any party might wish to file with the Court under seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with the requirements of Section 9, *infra*.

## 6. INADVERTENT FAILURE TO DESIGNATE

6.1 The inadvertent failure to designate Confidential Information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's or third party's right to designate such information within thirty (30) days after such disclosure or, if the information is provided by a third party, within thirty (30) days after notice of such disclosure.

6.2    In the event that Confidential Information is designated as CONFIDENTIAL after disclosure but within the thirty (30) day period allowed under Paragraph 6.1, *supra*, the receiving party shall employ reasonable efforts to ensure that all previously disclosed Confidential Information is subsequently treated as CONFIDENTIAL, as appropriate, pursuant to the terms of this PROTECTIVE ORDER.

6.3    Should any document or information designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this PROTECTIVE ORDER, then the disclosing party or third party shall use its best efforts to bind such person to the terms of this PROTECTIVE ORDER, and the disclosing party shall:  (a) promptly inform such person of all the provisions of this PROTECTIVE ORDER, and (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party or third party that or who designated the document.

## 7. CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION

7.1    Confidential Information designated CONFIDENTIAL shall be maintained in the custody of counsel for the parties, except for information in the custody of:  (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case.  Except for the Court, a person with custody of information designated CONFIDENTIAL shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it. Counsel may furnish information designated CONFIDENTIAL in written format to persons authorized under this PROTECTIVE ORDER to receive it.

7.2    Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons who are in possession of documents designated CONFIDENTIAL agree that they will destroy or return to the producing party or third party all copies of any documents, other than attorney work product, containing designated Confidential Information produced by a party or third party.  Nothing in this paragraph shall be construed to require the Court or court-personnel to return or destroy documents designated as CONFIDENTIAL.

7.3    Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Nothing in this paragraph shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel.  Such file copies must be maintained under the conditions of maintaining confidentiality as set forth in Paragraph 7.1, *supra*.

**8.    MISCELLANEOUS PROVISIONS**

8.1    Except as otherwise set forth in Paragraphs 8.5-8.7 regarding the introduction and use of Confidential Information at trial and by the Court, and as may be required by law or legal process, the obligations of confidentiality and nondisclosure shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action.  These obligations of confidentiality and nondisclosure shall bind the parties through all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, and shall survive the conclusion of this

1 action unless and until otherwise ordered by the Court, or until the parties to this
2 action stipulate that designated Confidential Information can be disclosed.
3       8.2    By entering into this PROTECTIVE ORDER, no party or third party
4 waives any objections it might have to the production of documents or information
5 covered by this PROTECTIVE ORDER.
6       8.3    No party to this action, by entering into this PROTECTIVE ORDER,
7 by designating certain information as CONFIDENTIAL, or by acquiescing in any
8 other party's such designation, shall be deemed to have admitted or agreed that any
9 such designated information is, in fact, a trade secret or other confidential research,
10 development, or commercial information.
11       8.4    The Court retains jurisdiction even after termination of this action to
12 enforce this PROTECTIVE ORDER and to make such deletions from or
13 amendments, modifications, and additions to the PROTECTIVE ORDER the Court
14 may from time to time deem appropriate.  The parties hereto reserve all rights to
15 apply to the Court at any time, before or after termination of this action, for an order
16 modifying this PROTECTIVE ORDER or seeking further protection against
17 disclosure or use of claimed Confidential Information.
18       8.5    Nothing contained herein shall restrict any party from introducing
19 designated Confidential Information as evidence at trial.  A party may seek a
20 protective order prior to trial with respect to testimony containing designated
21 Confidential Information that may be offered at trial or specific documents
22 containing designated Confidential Information that may be marked as exhibits at
23 trial in order to maintain the continued confidentiality of such information.
24       8.6    In general, court orders are available to the public.  To the extent that a
25 party refers to or relies upon material that is filed under seal in its pleadings, the
26 pleadings must request that specific information be kept confidential.  Absent the
27 granting of such advance request, the Court may incorporate all evidence in its
28 written and oral rulings.

8.7   In the event the case proceeds to trial, all information that was subject to the provisions of a protective order and that is used at trial will become public absent a separate court order upon motion and sufficient cause shown.

## 9.   FILING OR LODGING UNDER SEAL

9.1   If any party or third party seeks to file or lodge with the Court any documents or things that contain designated CONFIDENTIAL, such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal.  Where one party or third party wishes to file or lodge any documents or things with the Court under seal, the other party or parties shall not unreasonably withhold agreement to such filing or lodging under seal.  If such agreement is provided, the parties shall submit to the Court a stipulation and proposed order for such filing or lodging under seal.  If no such agreement is provided, then the filing or lodging party or third party shall submit an application and proposed order to the Court pursuant to C.D. Cal. Local Rule 79-5.1.

9.2   The person filing Confidential Information under C.D. Cal. Local Rule 79-5.1 shall designate to the Clerk that all or a designated portion thereof is subject to this PROTECTIVE ORDER and is requested to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

## 10.   GOOD CAUSE STATEMENT

Pursuant to Fed. R. Civ. P. 26(c)(7), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action:  (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties,

and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitors; (2) believe that unrestricted disclosure or dissemination of such Confidential Information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as CONFIDENTIAL and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

DATED: June 2, 2009

*Alicia G. Rosenberg*

Honorable Alicia G. Rosenberg
United States Magistrate Judge